JOHN C. JAMES v. CAROLYN HONEYCUTT D/B/A TOPS AND BOTTOMS AND
WILLIAM F. HONEYCUTT

No. 858SC484

(Filed 19 November 1985)

1. Negligence § 34.1— fall on loose step—contributory negligence—evidence suffi-
cient

    In an action arising from a fall by a police officer on the rear steps of
defendants' store, the trial court correctly submitted contributory negligence
to the jury and denied plaintiff's motion to set aside the verdict on that issue
where other officers testified that they observed that the step in question was
wobbly and would move, and plaintiff testified that he had been up and down
the steps many times over many years and had not noticed anything wrong
with the step. The jury could reasonably infer that plaintiff had climbed the
steps many times before the accident and knew or should have known of the
dangerous condition.

2. Negligence § 38— fall on loose step—instruction on contributory negligence
proper

    The trial court did not err in its instructions on contributory negligence in
an action arising from a fall by a police officer on the steps of defendants'
store where the court generally discussed the law relating to contributory
negligence and listed the specific acts which defendants contended constituted
contributory negligence.

APPEAL by plaintiff from *Strickland, Judge.* Judgment en-
tered 5 October 1984 in Superior Court, WAYNE County. Heard in
the Court of Appeals 1 November 1985.

This is a civil action wherein plaintiff seeks to recover
damages for personal injuries sustained when plaintiff fell while
attempting to descend steps leading to the rear door of the retail
establishment owned by defendants.

The evidence at trial tended to show that plaintiff and other
officers of the Mount Olive police force, with the approval of
defendants, had been checking the doors of defendants' retail
establishment nightly for several years and that one of the steps

leading to the rear entrance of this business had been "a little bit wobbly." Plaintiff testified that after checking the door on 7 February 1982, one step "turned over" while he was descending these steps and he fell, thereby injuring himself. Although plaintiff denied that he had ever observed the condition of these steps, another police officer testified that the instability was noticeable when climbing the steps.

Over the objection of plaintiff, the trial judge submitted the issue of contributory negligence to the jury. The jury found that defendants had been negligent and plaintiff had been contributorily negligent. From judgment entered on the verdict, plaintiff appealed.

*Kornegay & Head, P.A., by Janice S. Head and G. Russell Kornegay, III, for plaintiff, appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Robin K. Vinson and C. Ernest Simons, Jr., for defendants, appellees.*

HEDRICK, Chief Judge.

[1] By his first and third assignments of error, plaintiff contends that the trial court erred in submitting the issue of contributory negligence to the jury and denying plaintiff's motion to set aside the verdict as to this issue, because as a matter of law there was insufficient evidence to support a jury finding of contributory negligence. We disagree.

For contributory negligence to apply, it is not necessary that plaintiff have actual knowledge of the danger of injury to which his conduct exposes him; plaintiff may be contributorily negligent if his conduct ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety. *Smith v. Fiber Controls, Corp.*, 300 N.C. 669, 268 S.E. 2d 504 (1980).

In the present case, a jury could conclude, based on the evidence presented at trial, that plaintiff was aware or should have been aware of the "wobbly" condition of the step and that his injury was proximately caused by his negligent use of that step. Although plaintiff testified that he did not know of any defect in the step before the accident, Officer Vernon testified

that he had been up and down the same steps many times before the incident in question, and that he had noticed and was aware of the fact that the step was "a little bit wobbly." Officer Colie testified that after the incident in question he examined the steps by walking up and down them and that one step would move under his weight. Plaintiff testified that he had gone up and down the steps in question many times over many years before the accident and that he had not noticed anything wrong with the step. From the evidence given in the case, the jury could reasonably infer that the step which caused plaintiff's fall was "a little bit wobbly" before the accident and had been so for a considerable period of time. The jury could also reasonably infer that plaintiff had climbed the same steps many times before the accident and the step was "a little bit wobbly" when he climbed them. From this evidence, the jury could reasonably infer that plaintiff knew or should have known of the dangerous condition of the step, and his continued use of the step when he knew or ought to have known of its condition was negligence and such negligence was a proximate cause of his fall and subsequent injury. Therefore, we hold that the trial judge was correct in submitting the issue of contributory negligence to the jury and denying the motion for judgment notwithstanding the verdict.

[2] In his remaining assignment of error, plaintiff contends that the trial court improperly instructed the jury on the issue of contributory negligence by failing to apply the law to the evidence. After generally discussing the law relating to contributory negligence, the judge listed the specific acts which defendants contended constituted contributory negligence in this case. This is not, as plaintiff argues, a case where the judge failed to relate to the jury specific acts or omissions arising from the evidence which would constitute negligence. Therefore, we hold that the court's instructions were correct.

No error.

Judges WHICHARD and JOHNSON concur.